UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARQUITTA MCAFEE, | ) |
|       Plaintiff, | ) |
| v. | ) No. 14-cv-01010 NJR-PMF |
| MARION HUBBARD, | ) JURY TRIAL REQUESTED |
| and | ) |
| EAST ST. LOUIS PARK DISTRICT | ) |
|       Defendants. | ) |

## COMPLAINT

Plaintiff Marquitta McAfee brings this suit, on behalf of herself and all others similarly situated, and for her Complaint against Defendants Marion Hubbard and East St. Louis Park District (collectively referred to as "Defendants"), alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is a collective class action filed by Plaintiff on behalf of herself and others similarly situated pursuant to 29 U.S.C. § 216(b) and Rule 23 of the Federal Rules of Civil Procedure to recover declaratory relief, unpaid wages, liquidated damages, attorney fees, and other relief from Defendants for violations of the Fair Labor Standards Act ("FLSA"), the Illinois Minimum Wage Law, 820 Ill. Comp. Stat. Ann. 105, ("IMWL") and Illinois Common Law.

2. Plaintiff, Marquitta McAfee, also brings individual claims against Defendants for sexual discrimination, sexual harassment and retaliation under the Civil Rights Act, 42 U.S.C. 2000e et seq. ("Title VII") and 42 U.S.C. § 1983 ("§ 1983") and the Illinois Human Rights Act, 775 Ill. Comp. Stat. Ann. 5 *et seq.* ("IHRA").

3.  Prior to the institution of this lawsuit, the Plaintiff filed charges with the Illinois Department of Human Rights and the U.S. Equal Employment Opportunity Commission against the Defendant East St. Louis Park District alleging violations of Title VII of the Civil Rights Act and the Illinois Human Rights Act on account of sexual discrimination, sexual harassment and retaliation. A copy of the Plaintiff's charges are attached hereto as Exhibit A and incorporated herein by reference. Plaintiff received two "Right to Sue" letters - one on June 19, 2014 and the other on June 30, 2014. This lawsuit has commenced within ninety (90) days thereafter, and all conditions precedent to the institution of this lawsuit have been performed or have occurred.

## PARTIES

4.  Plaintiff Marquitta McAfee ("Plaintiff") and all others similarly situated are natural persons who were/are employed by Defendants within the meaning of the statutes pursuant to which the below mentioned claims are brought.

5.  Defendant Marion Hubbard ("Defendant Hubbard") is the Police Chief for the East St. Louis Park District. Upon information and belief, he was the acting Police Chief beginning in 2012.

6.  The Defendant East St. Louis Park District ("Park District") is a body corporate and politic which has the power to sue and be sued pursuant to 70 ILCS 1205/8-1. Its principal place of business is 2950 Caseyville Ave., East St. Louis, Illinois 62202. The Defendant operates a Park District Police Department that employs approximately five (5) police commissioners, at least one (1) full-time police officer and approximately fourteen (14) part-time police officers and three (3) administrative assistants.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1343 because the claims of Plaintiff and all others similarly situated under the FLSA under federal law. Further, Plaintiffs Title VII, 42 U.S.C. 2000e *et seq.*, and 42 U.S.C. § 1938 claims also arise under federal law.

8. This Court has supplemental jurisdiction over the causes of action of Plaintiff and those similarly situated based on state law pursuant to 28 U.S.C. § 1367 because these claims are so related to the federal claims that they form part of the same case or controversy.

9. This Court has jurisdiction to issue a declaratory judgment for the foregoing violations pursuant to 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in in this District under 28 U.S.C. § 1391(b) because Defendants are residents of this District and because a substantial part of the events giving rise to these claims occurred within the Southern District of Illinois, as more fully described below.

## COLLECTIVE ACTION ALLEGATIONS

11. Plaintiff individually, and on behalf of other similarly situated employees of Defendants, seek relief on a collective basis, challenging, among other FLSA violations, Defendants' practice of failing to accurately record and pay the minimum wage for all hours worked.

12. This is a collective action for unpaid wages, damages, and other relief under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. Plaintiff bring this case as an "opt-in" collective action under 29 U.S.C. §216(b) on behalf of all those who file a consent to join form with the Court.

13. Plaintiff is an appropriate representative for the purposes of the Court certifying a collective action and approving a notice of the action to potential opt-in class members. Plaintiff's FLSA claims are the same or similar to the claims of the other potential class members.

14. Plaintiff is representative of those similarly situated individuals who are current or former Police Officers employed by Defendants who were not paid the minimum wage for all compensable hours worked.

15. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

## FACTUAL ALLEGATIONS

16. Plaintiff Marquitta McAfee is an African American female who resides in the City of East St. Louis, Illinois. She has been employed by the Park District as a Certified Police Officer since 2004.

17. Plaintiff and all other putative class members are or were also Certified Police Officers who are/were employed or have been employed by Defendants.

18. Plaintiff is representative of those similarly situated individuals who are current or former employees of Defendants who are/were required to work without compensation.

19. As officers with Defendant District, the duties of Plaintiff and all others similarly situated was to patrol the parks located within East St. Louis, Illinois to provide security and ensure citizen safety.

20. Plaintiff and all others similarly situated are/were employed by Defendant District on a part-time basis. However, Plaintiff and all others similarly situated are/were only compensated by Defendant District on an intermittent basis, and often work/worked hours for which they received no compensation.

21. Plaintiff and all others similarly situated were misclassified as a "volunteer" for the periods of time during which Plaintiff and all others similarly situated worked and received no pay in order

to justify not paying the putative class members the wages they were legally due. However, the duties of Plaintiff and all others similarly situated remained the exact same during the times for which they were compensated as an employee and the times for which they were not compensated.

22. Upon information and belief, Plaintiff and all others similarly situated were/are scheduled to work certain shifts for pay and others as "volunteers."

23. When questioned about this practice, Executive Director of East St. Louis Park District, Irma Golliday, told Plaintiff and other similarly situated employee that Defendant District's employees would have to "volunteer", or work without pay, several hours a week because Defendant District was having "financial trouble".

24. For example, commencing in August of 2012, if Plaintiff was scheduled to work two 8 hour shifts per week, she was required to work between 2 and 8 of those hours for free.

25. Additionally, upon information and belief, commencing in January of 2012, putative class member, Officer Jeffery Waters was also forced to volunteer certain portions of his weekly shifts. For example, on for the pay period of July 1, 2013 to July 15, 2013, Mr. Waters worked 52 hours. Of those 52 hours, Mr. Waters worked 40 hours for free.

26. Additionally, upon information and belief, commencing in January of 2012, putative class member, Officer Draphy Durgins was also forced to volunteer certain portions of her weekly shifts.

27. Plaintiff and all others similarly situated were also required to work any holiday shift on which they were scheduled without compensation as "volunteers."

28. On numerous occasions, Plaintiff and all others similarly situated received correspondence from Golliday and Defendant Hubbard that was addressed "Dear Employee" or "Dear Officer."

29. Plaintiff and all others similarly situated expected to be compensated for the hours that they worked.

30. As a result of the compensation practices of Defendant District, Plaintiff and all others similarly situated were not compensated pursuant to the minimum wage required by the FLSA and IMWL.

31. Defendant District's violations of the FLSA and IMWL as set forth herein were knowing, willful, or with reckless disregard of their obligations under the law.

32. Upon information and belief, Defendant Marion Hubbard became acting Police Chief for Defendant District at some time in 2012. He later became the official Police Chief for Defendant District.

33. Part of Defendant Hubbard's duties as Police Chief entailed supervising the subordinate Officers under his command, which included Plaintiff and all others similarly situated.

34. On March 3, 2013, Defendant Hubbard was walking behind Plaintiff on a set of stairs when he exclaimed "Oooo-eeee, Lieutenant McAfee [Plaintiff] your butt looks good from the back. You can come ride with me any day."

35. Plaintiff was insulted and humiliated and felt uncomfortable as a result of this comment.

36. On or about April 23, 2013, Plaintiff approached and entered Defendant Hubbard's office to request a day off in order to attend her daughter's graduation. Defendant Hubbard stood up after Plaintiff entered and shut his door. He then stood directly behind her, pressed his genitals into Plaintiff's back, and asked Plaintiff "when was her husband getting out of jail?"

37. Plaintiff immediately jumped out of the chair and exited Defendant Hubbard's office. She was disgusted and embarrassed as a result of Defendant Hubbard's actions.

38. Sometime in May 2013, Defendant Hubbard commented to a fellow Officer, a relative of the Plaintiff's husband, that he (Defendant Hubbard) could imagine Plaintiff with her clothes off.

Plaintiff learned of this comment and was insulted and embarrassed that such comments were being made to her colleagues.

39. Defendant District held a mandatory meeting of the Park District Police Department on May 29, 2013 to in order to improve the department, and for employees to air their complaints. At this meeting, Plaintiff complained about Defendant Hubbard's unwelcome sexual conduct and comments towards her. Then another female police officer also complained about Defendant's unwelcome sexual comments and conduct. At about the same time, the Plaintiff is informed and believes that a Park District Commissioner also complained to Director Golliday about Defendant Hubbard's unwelcome sexual harassment of her.

40. Following Plaintiff's statements and the statements of the other female police officer, Defendant Hubbard turned to the male Officers present and stated "she [Plaintiff McAfee] is going to put in some free volunteer hours" if she did not "shape up" as an Officer for Defendant District. In this same meeting, Defendant Hubbard screamed at Plaintiff to "shut up and sit down" and threatened to demote her. Several other officers were present, and Plaintiff felt humiliated in front of her colleagues.

41. The accumulation of unwanted sexual gestures and comments by Defendant Hubbard created a hostile working environment in which Plaintiff felt uncomfortable working.

## COUNT I: MINIMUM WAGE UNDER THE FLSA

42. The Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. Illinois wage-and-hour legislation was enacted with a similar humanitarian purpose.

43. Defendants violated the FLSA minimum wage provisions by failing to pay Plaintiff and all others similarly situations the prescribed minimum wage during their employment.

44. At all material times, Defendants acted as the "employer" of Plaintiff and all others similarly situated, within the FLSA's broad definition of the term "employer" found in 29 U.S.C. § 203(d).

45. At all material times, Defendant District and Defendant Hubbard were joint employers of Plaintiff and all others similarly situated.

46. At all material times, Defendants conducted activities for a business purpose within the meaning of 29 U.S.C. § 203(r)(2)(C).

47. At all times, Plaintiff and all others similarly situated were an individual employees within the meaning of 29 U.S.C. § 203(e).

48. From 2004 to the present, Defendants implemented an ongoing policy and practice of violating 29 U.S.C. § 206 by employing Plaintiff and all others similarly situated in an enterprise operating for business purposes within the meaning of the FLSA as aforesaid and failing to pay Plaintiff and all others similarly situated at least the applicable federal minimum wage for each hour for which they were employed.

49. Section 13 of the FLSA exempts certain categories of employees from statutory pay obligations. None of the FLSA exemptions apply to Plaintiff or those other similarly situated employees.

50. Plaintiff and all others similarly situated are victims of a uniform and employer-based compensation policy. This uniform policy, in violation of the FLSA, has been applied to all prospective members.

51. The foregoing conduct, as alleged, was committed knowingly, willfully and maliciously by Defendants in violation of the law, as Defendants knew or showed reckless disregard for the fact that their compensation practices were in violation of the law.

52. Defendant has not acted in good faith or with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and all other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages and overtime pay permitted by 29 U.S.C. §216(b).

53. As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, Plaintiff and all those similarly situated were not paid for all compensable hours worked. Accordingly, Defendant is liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre and post judgment interests, reasonable attorney's fees and costs of this action.

WHEREFORE, Plaintiff and those similarly situated employees of Defendants who join in this collective action respectfully demand:

    a. Designation this action as a collection action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the Collective Class apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

    b. Judgment against Defendants for an amount equal to Plaintiff's and similarly situated employees' unpaid back wages;

c. A finding that Defendants are found to have violated the FLSA by failing to maintain accurate time records of all the hours worked by Plaintiffs and other similarly situated employees of Defendants;

d. A finding that Defendants' violations of the FLSA are found to be willful;

e. An injunction against Defendant's unlawful pay practices as stated herein;

f. An equal amount to the unpaid wages as liquidated damages (29 U.S.C. § 216(b));

g. All costs and reasonable attorneys' fees incurred prosecuting this claim (29 U.S.C. § 216(b));

h. An award of pre- and post-judgment interest, as provided by law; and

i. For such further relief as the Court deems just and equitable.

## COUNT II: MINIMUM WAGE UNDER THE IMWL

54. Plaintiff and all others similarly situated incorporate the above stated paragraphs of this complaint by reference.

55. At all relevant times herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the IMWL. 820 Ill. Comp. Stat. Ann. 105.

56. The IMWL regulates, among other things, the payment of a minimum wage to employees by employers subject to limited exemptions not applicable herein. 820 Ill. Comp. Stat. Ann. 105/3.

57. Defendants violated the IMWL minimum wage provisions by failing to pay Plaintiff and all others similarly situations the prescribed minimum wage during their employment.

58. At all material times, Defendants acted as the "employer" of Plaintiff and all others similarly situated, within the IMWL's broad definition of the term "employer" found in 820 Ill. Comp. Stat. Ann. 105/3.

59. At all material times, Defendant District and Defendant Hubbard were joint employers of Plaintiff and all others similarly situated.

60. At all material times, Plaintiff and all others similarly situated were an individual employees within the meaning of in 820 Ill. Comp. Stat. Ann. 105/3.

61. From 2004 through June 30, 2010, Defendants implemented an ongoing policy and practice of violating 820 Ill. Comp. Stat. Ann. 105/4 by paying Plaintiff and all others similarly situated less than the mandated minimum wage of $8.00 per hour.

62. From July 1, 2010 through the present, Defendants implemented an ongoing policy and practice of violating 820 Ill. Comp. Stat. Ann. 105/4 by paying Plaintiff and all others similarly situated less than the mandated minimum wage of $8.25 per hour.

63. Plaintiff and all others similarly situated seek damages in the amount of their actual unpaid minimum wages, pre and post judgment interest, reasonable attorney's fees and costs of this action plus additional damages as set forth in 820 ILCS 105/12(a).

64. WHEREFORE, Plaintiff and those similarly situated employees of Defendants who join in this collective action respectfully demand:

   a. Judgment against Defendants for an amount equal to Plaintiff's and similarly situated employees' unpaid back wages;

   b. An equal amount to the unpaid wages as liquidated damages

   c. Periods of equitable tolling;

   d. A finding that Defendants' violations of the IMWL are found to be willful;

   e. An injunction against Defendant's unlawful pay practices as stated herein;

   f. All costs and reasonable attorneys' fees incurred prosecuting this claim;

   g. An award of pre- and post-judgment interest, as provided by law;

h. For such further relief as the Court deems just and equitable.

## COUNT III: QUANTUM MERUIT

65. Plaintiff and all others similarly situated incorporate the above stated paragraphs of this complaint by reference.

66. Plaintiff and others similarly situated performed work for Defendants without receiving full compensation.

67. Defendants recognized the benefits conferred upon them by Plaintiff and others similarly situated.

68. Defendants were notified of the work performed without compensation and demand was made for payment for such work.

69. Defendants have thereby been unjustly enriched and/or Plaintiffs and others similarly situated have been damaged.

70. The payment requested by Plaintiff and others similarly situated for the benefits produced by them is based on customary and reasonable rates for such services or like services at the time and in the locality where the services were rendered.

71. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this complaint plus periods of equitable tolling.

72. Plaintiffs and the Class are entitled to an award of pre-judgment and post- interest at the applicable legal rate.

WHEREFORE, Plaintiffs and all employees similarly situated who join in this collective action respectfully demand:

    a. Judgment against Defendants for an amount equal to Plaintiff's and similarly situated employees' unpaid wages ;

    b. Pre-judgment and post-judgment interest as provided by law;

    c. Such other relief as the Court deems fair and equitable.

## COUNT IV: UNJUST ENRICHMENT

73. Plaintiff and all others similarly situated incorporate the above stated paragraphs of this complaint by reference.

74. Plaintiff and others similarly situated conferred benefits on Defendants and Defendants received such benefits conferred upon them by Plaintiff and those similarly situated.

75. Defendants appreciated the fact of the benefits.

76. Defendants accepted and retained the benefits in circumstances that render such retention inequitable. Defendants have thereby been unjustly enriched and/or Plaintiff and others similarly situated have been damaged.

77. Plaintiff and all similarly situated employees are entitled to damages equal to all unpaid wages due within five (5) years preceding the filing of this Complaint plus periods of equitable tolling.

78. Plaintiff and all similarly situated employees are entitled an award of pre-judgment and post-judgment interest at the applicable legal rate.

WHEREFORE, Plaintiffs and all employees similarly situated who join in this collective action respectfully demand:

    a. Judgment against Defendants for an amount equal to Plaintiff's and similarly situated employees' unpaid wages;

    b. Pre-judgment and post-judgment interest as provided by law; and

c. Such other relief as the Court deems fair and equitable.

## COUNT V: SEXUAL DISCRIMINATION UNDER TITLE VII

79. Plaintiff incorporates the above stated paragraphs of this complaint by reference.

80. Title VII prohibits employment discrimination based on race, color, religion, sex and national origin. Title VII also prohibits an employer from retaliating against an employee who opposes sexual harassment in the workplace. 42 U.S.C. 2000e et seq.

81. Defendant District is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

82. Defendant Hubbard is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b).

83. Plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).

84. Defendant Hubbard violated Title VII by touching Plaintiff inappropriately, making unwelcome sexual gestures toward Plaintiff and repeating sexual comments about her in her presence and to others continuously over the course of her employment at East St. Louis Park District. The unwelcome sexual assault, gestures and comments created a hostile working environment for Plaintiff and interfered with her work performance.

85. Defendant Hubbard further violated Title VII when he retaliated against Plaintiff by stating she was going to work some "free volunteer hours" in response to Plaintiff's statement at a District meeting that Defendant Hubbard had sexually harassed her.

86. Defendants did not have adequate policies or procedures in place to address sexual harassment or retaliation, nor did it implement prompt remedial measures when notified of the employment practices the violated Title VII.

87. Defendant Hubbard is liable, and Defendant District is strictly liable, for the sexual harassment that Defendant Hubbard engaged in toward Plaintiff.

WHEREFORE, Plaintiff seeks all damages to which she is legally entitled as a result of Defendants' violations of her rights including:

a. Lost wages;

b. Humiliation;

c. Pain and mental anguish;

d. Such other relief as the Court deems fair and equitable.

## COUNT VI: RETALIATION UNDER TITLE VII

88. Plaintiff incorporates the above stated paragraphs of this complaint by reference.

89. Title VII also prohibits an employer from retaliating against an employee who opposes sexual harassment in the workplace. 42 U.S.C. 2000e et seq.

90. Defendant Hubbard violated Title VII when he retaliated against Plaintiff by requiring her to "put in some more free volunteer hours" in response to Plaintiff's statement at a District meeting that Defendant Hubbard had sexually harassed her. Defendant Hubbard also threatened to demote Plaintiff at this same meeting.

91. Defendant District also retaliated against Plaintiff in violation of Title VII by taking away her patrol car and radio, deducting hours from her pay and denying her admission to the qualification courses necessary to maintain her police officer commission after Plaintiff complained to Defendants about Defendant Hubbard's sexual harassment.

92. Defendants did not have adequate policies or procedures in place to address sexual harassment or retaliation, nor did it implement prompt remedial measures when notified of the employment practices the violated Title VII.

93.     Defendant Hubbard is liable, and Defendant District is strictly liable, for the sexual harassment that Defendant Hubbard engaged in toward Plaintiff.

94.     Defendants violated Title VII by retaliating against Plaintiff following her expression of opposition to Defendant Hubbard's unwelcome sexual advances.

95.     Plaintiff engaged in the protected activity of opposing the sexual harassment by Defendant Hubbard.

96.     Plaintiff suffered an adverse employment action when Defendant Hubbard required her to work volunteer hours, essentially relegating Plaintiff to work without compensation, and threatening to demote her.

97.     Plaintiff also suffered an adverse employment action when Defendant District took away Plaintiff's patrol car and radio, deducted hours from her pay and denied her admission to the qualification courses necessary to maintain her police officer commission.

98.     The causal connection between the protected activity and adverse employment action is evident due to the fact that adverse employment actions listed above were carried out immediately after Plaintiff complained of Defendant Hubbard's actions to Defendants.

WHEREFORE, Plaintiff seeks all damages to which she is legally entitled as a result of Defendants' violations of her rights including:

    a. Lost wages;

    b. Humiliation;

    c. Pain and mental anguish;

    d. Such other relief as the Court deems fair and equitable.

## COUNT VII: SEXUAL DISCRIMINATION UNDER THE IHRA

99.     Plaintiff incorporates the above stated paragraphs of this complaint by reference.

100. The IHRA prohibits employment discrimination based on race, color, religion, sex and national origin. The IHRA also prohibits an employer from retaliating against an employee who opposes sexual harassment in the workplace. 775 Ill. Comp. Stat. Ann. 5.

101. Defendant Hubbard violated the IHRA by touching Plaintiff inappropriately, making unwelcome sexual gestures toward Plaintiff and repeating sexual comments about her in her presence and to others continuously over the course of her employment at East St. Louis Park District. The unwelcome sexual assault, gestures and comments created a hostile working environment for Plaintiff and interfered with her work performance.

102. Defendants did not have adequate policies or procedures in place to address sexual harassment or retaliation, nor did it implement prompt remedial measures when notified of the employment practices the violated the IHRA.

103. Defendant Hubbard is liable, and Defendant District is strictly liable, for the sexual harassment that Defendant Hubbard engaged in toward Plaintiff.

WHEREFORE, Plaintiff seeks all damages to which she is legally entitled as a result of Defendants' violations of her rights including:

    a. Lost wages;

    b. Humiliation;

    c. Pain and mental anguish;

    d. Such other relief as the Court deems fair and equitable.

## COUNT VIII: RETALIATION UNDER THE IHRA

104. Plaintiff incorporates the above stated paragraphs of this complaint by reference.

105. The IHRA also prohibits an employer from retaliating against an employee who opposes sexual harassment in the workplace. 775 Ill. Comp. Stat. Ann. 5.

106. Defendant Hubbard violated the IHRA when he retaliated against Plaintiff by requiring her to "put in some more free volunteer hours" in response to Plaintiff's statement at a District meeting that Defendant Hubbard had sexually harassed her. Defendant Hubbard also threatened to demote Plaintiff at this same meeting.

107. Defendant District also retaliated against Plaintiff in violation of the IHRA by taking away her patrol car and radio, deducting hours from her pay and denying her admission to the qualification courses necessary to maintain her police officer commission after Plaintiff complained to Defendants about Defendant Hubbard's sexual harassment.

108. Defendants did not have adequate policies or procedures in place to address sexual harassment or retaliation, nor did it implement prompt remedial measures when notified of the employment practices the violated the IHRA.

109. Defendant Hubbard is liable, and Defendant District is strictly liable, for the sexual harassment that Defendant Hubbard engaged in toward Plaintiff.

110. Defendants violated the IHRA by retaliating against Plaintiff following her expression of opposition to Defendant Hubbard's unwelcome sexual advances.

111. Plaintiff engaged in the protected activity of opposing the sexual harassment by Defendant Hubbard.

112. Plaintiff suffered an adverse employment action when Defendant Hubbard required her to work volunteer hours, essentially relegating Plaintiff to work without compensation, and threatening to demote her.

113. Plaintiff also suffered an adverse employment action when Defendant District took away Plaintiff's patrol car and radio, deducted hours from her pay and denied her admission to the qualification courses necessary to maintain her police officer commission.

114.   The causal connection between the protected activity and adverse employment action is evident due to the fact that adverse employment actions listed above were carried out immediately after Plaintiff complained of Defendant Hubbard's actions to Defendants.

WHEREFORE, Plaintiff seeks all damages to which she is legally entitled as a result of Defendants' violations of her rights including:

a. Lost wages;

b. Humiliation;

c. Pain and mental anguish;

d. Such other relief as the Court deems fair and equitable.

### COUNT VIII: GENDER DISCRIMINATION UNDER SECTION 1983

115.   Plaintiff incorporates the above stated paragraphs of this complaint by reference.

116.   By subjecting Plaintiff to a sexually hostile work environment on the basis of her gender, Defendants violated the Fourteenth Amendment to the United States Constitution as made actionable pursuant to 42 U.S.C. §1983.

117.   By discriminating against Plaintiff in the terms and conditions of her employment, Defendants have subjected Plaintiff to sex discrimination in violation of the Fourteenth Amendment of the United States Constitution, as made actionable pursuant to 42 U.S.C. §1983.

118.   As a result of the foregoing actions committed by Defendant Hubbard and Defendant District, committed under color of the law, Plaintiff was deprived of her right to be secure from gender discrimination in public employment all in violation of the Fourteenth Amendment of the United States Constitution and 42 U.S.C. § 1983.

119. As a direct and proximate result of the unreasonable conduct of Defendants, Plaintiff suffered the aforementioned severed and permanent injuries and damages plus economic losses and damages including but not limited to lost wages, pain and suffering, and psychological trauma.

WHEREFORE, the foregoing actions of the Defendants violated the laws of the United States, and Plaintiff is entitled to all remedies available against public authorities for such violations in accordance with the Civil Rights Act, 42 U.S.C. § 1983 and for such relief as this Court deems fair and equitable.

## CONCLUSION

WHEREFORE, cause having been shown, Plaintiff and all others similarly situated pray for an order entering judgment and granting the foregoing requests as well as any such other relief this Court deems fair and equitable

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff and all others similarly situated respectfully demand a trial by jury on all issues triable by a jury.

Respectfully submitted,

Law Offices of Thomas E. Kennedy, III, L.C.

/s/ *Sarah Jane Hunt*
**SARAH JANE HUNT #63899**
*Lead Attorney for Plaintiff*
906 Olive St., Ste. 200
St. Louis, MO 63101
314.872.9041 phone
314.872.9043 fax
shunt@tkennedylaw.com

**ATTORNEYS FOR PLAINTIFF**