UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARQUITTA MCAFEE,<br><br>*individually and on behalf of*<br>*all others similarly situated*<br><br>Plaintiffs,<br><br>v.<br><br>MARION HUBBARD,<br><br>and<br><br>EAST ST. LOUIS PARK<br>DISTRICT<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  No. 3:14-cv-01010-NJR-PMF<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF AND DEFENDANTS' JOINT MOTION AND MEMORANDUM FOR SETTLEMENT APPROVAL

COME NOW Plaintiffs Marquitta McAfee, Jeffery Waters, Draphy Durgins and Rorey Stewart ("Plaintiffs") on behalf of themselves and all others similarly situated, through their attorneys ("Class Counsel") and Defendants East St. Louis Park District and Marion Hubbard ("Defendants"), through their attorneys, and for their Joint Motion for (1) Certification of a Collective Class for Settlement Purposes; (2) Preliminary Approval of the Class Action Settlement; and (3) Approval of Notice to Class Members, state as follows:

1.  Plaintiffs filed this lawsuit against Defendants alleging they and others similarly situated were employed by Defendants as Police Offices and performed work without receiving proper overtime pay and/or straight time pay and were at times paid less than both the federal and state minimum wage pursuant to the Fair Labor Standards Act ("FLSA"), the Illinois Wage Collection and Payment Act ("IWCPA"), the Illinois Minimum Wage Law

("IMWL") and Illinois common law.

2. Defendants deny liability under Plaintiffs' claims as asserted in the lawsuit.

3. Plaintiffs and Defendants ("Parties") resolved their differences by negotiating a settlement that embodies a reasonable compromise that is fair and in the best interest of Plaintiffs, the putative Class Members, and Defendants.

4. The Settlement Agreement, a copy of which is attached hereto as Exhibit A, is the result oF arm's-length bargaining that occurred in connection with a full business day of mediation as well as post-mediation negotiations. This Agreement reflects a desire by Plaintiffs and Defendants to settle, as set forth below, the claims and issues of law or fact in the lawsuit in an expeditious manner.

5. Solely for purposes of settlement of all claims asserted by Plaintiffs in their Second Amended Complaint, the parties agree to certification of a collective class related to the FLSA claims in Count I of the Complaint and consisting of all individuals employed by Defendant as Police Officers at any time between September 17, 2009 and September 17, 2014.

6. The Settlement meets the criteria for approval of a collective action settlement, and therefore preliminary approval at this time is appropriate. To proceed with the settlement process, the Parties respectfully request that the Court:

   a. Certify a collective action class pursuant to 29 U.S.C. § 216(b) related to the FLSA claims in Count I of the Complaint consisting of all individuals employed by Defendants as Police Officers at any time between September 17, 2009 and September 17, 2014;

   b. Grant preliminary approval of the Settlement Agreement; and

   c. Approve the Notice of Settlement of Collective Action Wage and

Hour Claims, which is attached to the Settlement Agreement as Exhibit 1.

7. The Settlement Agreement, which has been fully executed by the parties, sets out the details of Plaintiffs' allegations and the terms of the settlement.

8. On February 5, 2016, the parties participated in a settlement conference with the Honorable Judge Frazier. At Judge Frazier's suggestion, the parties met independently on March 10, 2016 to continue post-mediation negotiations. On March 18, 2016, after significant effort by Judge Frazier and the parties themselves, the parties reached an agreement to settle this lawsuit, subject to this Court's approval. The terms of the settlement are fair and well within the range of reasonableness for collective action settlements of this kind.

9. The specific distribution of the Settlement is set forth further in the Settlement Agreement.

10. The Settlement Agreement provides that Defendants shall, within ten (10) days of the Court's preliminary approval of the settlement, send the Class Notice by first class mail to each individual who is a Class Member. A true and accurate copy of the proposed Class Notice is attached to the Settlement Agreement as Exhibit 1.

11. In addition to the payments set forth in the Agreement related to the Plaintiffs and their counsel, settlement payments shall be issued to all Class Members who return a valid and timely Class Notice Consent Form pursuant to the terms of the Settlement Agreement. Those individuals who become entitled to receive a payment are referred to as "Claimants."

12. Upon approval of the settlement by the Court, Defendants will ensure distribution of the settlement funds to the Claimants, the Plaintiffs, and Class Counsel by submitting said payments to Class Counsel.

13. Counsel for the Parties are of the opinion the Settlement Agreement is fair,

reasonable, adequate, and is in the best interests of Plaintiffs and the Class, in light of all known facts and circumstances, including the significant risks and delays of litigation presented by the defenses and potential appellate issues Defendants may assert.

14. Class Counsel have fully advised Plaintiffs of the Settlement Agreement and Plaintiffs approve of and consent to the settlement.

15. Defendants, in turn, asserted and continue to assert defenses to this action and expressly deny any wrongdoing or legal liability arising out of the action. Neither the Settlement Agreement nor any action taken to carry out the Settlement Agreement is or may be construed as an admission, concession, or indication that Defendants or anyone else committed any wrongdoing.

16. Counsel for the Parties believe the terms of this settlement are fair and reasonable in accordance with the requirements of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the settlement meets the criteria for a reasonable and fair settlement as set forth in *Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994 (N.D. Ind. 2010).

17. To determine the fairness of a settlement under the FLSA, the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Id.* (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 CV 4377, 2010 U.S. Dist. LEXIS 60985, at *3 (E.D.N.Y. May 17, 2010)).

18. Normally, a settlement is approved where it is the result of contentious arm's-length negotiations, which were undertaken in good faith by counsel and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation. *Id.* Furthermore, courts may enter judgments on a

basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness. *Id.*

19. When reviewing a FLSA settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceeding and the amount of discovery completed; (3) the risks of establishing liability; (4) the risks of establishing damages; (5) the ability of the defendants to withstand a larger judgment; (6) the range of reasonableness of the settlement fund in light of the best possible recovery; and (7) the range of reasonableness of the settlement fund in light of all the risks of litigation. *Id.*

20. Here, the Parties reached the Settlement Agreement after the exchange of initial discovery, which consisted of the time and payroll records for every Class Member dating back to September 2009. Further, the Parties concede that the outcome of this litigation would be far from certain for either party. Finally, weighing Defendants' limited finances and the inherent risks of litigation against the immediate benefit provided in the Settlement Agreement dictates the settlement terms are reasonable.

21. The Settlement provides incentive awards to the named Plaintiffs, which are included in the total settlement amount and outlined in Exhibit A. Each named Plaintiff participated in pre-trial discovery, in the analysis of Defendants' discovery responses, in the mediation session with Judge Frazier, and in the subsequent negotiations. As a result, the proposed incentive payments are justified. *In re Synthroid Mktg. Litig.*, 264 F.3d 712, 722 (7th Cir. 2001) (vacated on other grounds).

22. Because some of the named Plaintiffs and certain members of the proposed class have declared Bankruptcy in the past, the settlement agreement has also been reviewed and approved by Bankruptcy Trustee Donald Samson.

23. The Parties now desire fully, finally, and forever settle, compromise, and discharge the claims asserted in the Complaint as to the Plaintiffs and the Claimants who choose to opt in to this action.

24. The Parties agree that as part of the Court's final Order and Judgment in this case the claims of Plaintiffs and the Claimants who choose to opt-in to this action within the notice period shall be dismissed with prejudice.

25. WHEREFORE, Plaintiffs and Defendants pray this Court for an Order certifying the collective class as identified above solely for settlement purposes, granting preliminary approval of the Settlement Agreement (and exhibits) attached hereto, approving the form and content of the Notice of Settlement of Collective Action Wage and Hour Claims attached hereto, directing Defendant East Saint Louis to mail such Notice to all Class Members and for such other and further relief as this Court deems just and proper.

Respectfully submitted,

Law Offices of Thomas E. Kennedy, III, L.C.

/s/ Thomas E. Kennedy, III

**Thomas E. Kennedy, III #44617**
**Sarah Jane Hunt #63899**
906 Olive St., Ste. 200
St. Louis, MO 63101
314.872.9041 phone
314.872.9043 fax
tkennedy@tkennedylaw.com
sarahjane@tkennedylaw.com

**ATTORNEYS FOR PLAINTIFF**

/s/ Kevin C. Kaufhold

**Kevin C. Kaufhold #6180295**
Kaufhold & Associates, P.C.
5111 West Main Street, Lower Level
P.O. Box 23409
Belleville, IL 62226
618.235.3580 phone
618.235.7150 fax
kevin@kaufholdpc.com

**ATTORNEY FOR DEFENDANT**

## **ELECTRONIC CERTIFICATE OF SERVICE**

      I hereby certify that on September 23, 2016, I caused the foregoing to be filed with the Court using the Court's ECF case management/filing system, thereby causing the foregoing to be served upon the following counsel of record:

Thomas Kennedy
Sarah Jane Hunt
Law Offices of Thomas E. Kennedy, III, L.C.
906 Olive St., Ste. 200
St. Louis, MO 63101

                                                        */s/ Kevin C. Kaufhold*