**CLASS ACTION SETTLEMENT AGREEMENT AND FINAL RELEASE**

I.  RECITALS
   a.  Introduction – This class action settlement agreement (the "Class Agreement") is entered into this _____ day of _____, 2016 by Plaintiffs Marquitta McAfee, Draphy Durgins, Rory Stewart, and Jeffrey Waters individually and on behalf of the members of the proposed settlement class defined herein in Article II, Section (a) (the "Settlement Class"), and Defendants East St. Louis Park District ("Park District") and Marion Hubbard ("Hubbard") in the matter McAfee, et al. v. Hubbard, et al., No. 3:14-cv-01010-NJR-RJD (the "Action").
   b.  Purpose – Pursuant to the terms set forth below, Plaintiffs, individually and on behalf of Class Members, and Defendants enter into this Class Settlement Agreement to bring about a full, complete, and final resolution of all claims asserted, or that could have been asserted in the action against the Park District and Hubbard by Plaintiffs and the Settlement Class. The parties agree to settle the Action as it relates to the Defendants pursuant to the provisions of this Class Settlement Agreement, which are set forth in detail below. Plaintiffs and counsel for Plaintiffs and the proposed Settlement Class ("Class Counsel") judge the Class Settlement Agreement to provide fair, reasonable, and adequate relief to the Settlement Class and to be in the best interests of the Settlement Class. The Defendants agree to support preliminary and final approval of class settlement under the terms of this Class Settlement Agreement.

II.  SETTLEMENT TERMS
   a.  The Settlement Class
      i.  This Class Settlement Agreement is entered into on behalf of the Settlement Class consisting of all individuals that served as Police Officers for the East St. Louis Park District between the dates of September 17, 2009 and September 17, 2014 who performed work without receiving proper overtime pay and/or straight time pay and were at times paid less than both the federal and state minimum wage as required under the Fair Labor Standards Act ("FLSA"), the Illinois Wage Collection and Payment Act ("IWCPA"), the Illinois Minimum Wage Law ("IMWL") and Illinois Common Law. Qualifying individuals wishing to participate in this Action as part of the Settlement Class shall expressly "opt-in" to this action by returning a completed "Opt-In Consent Form", which shall be postmarked or faxed no later than 30 days from the postmarked date on the individual's Notice of Settlement, to Defendant's Counsel at 5111 West Main Street (Lower Level), Belleville, IL 62225 or fax 618-235-7150.
      ii.  Exclusion from Class:
         1.  Any individual who does not properly file a timely written request shall be excluded from the Settlement Class and shall have no rights under this Class Settlement Agreement.
         2.  No Party nor their counsel shall encourage any potential member of the Settlement Class to not opt-in to the Class Settlement Agreement.
   b.  Calculation of Net Settlement Proceeds
      i.  The settlement award issued to each Settlement Class member shall be based on a calculation of the total of: (1) that member's hours worked, during the class period,

1

Class Representatives' Initials: ____ ____ ____ ____                    Defendants' Initials: ____ ____

Class Action Settlement Agreement

in which the member did not receive an hourly rate equal to the member's normal rate of pay multiplied by the member's normal rate of pay--(Hours worked without pay x Normal Rate of Pay); and (2) that member's hours worked, during the class period, in excess of forty during a given work week in which the member did not receive an hourly rate equal to one and one half (1 ½) multiplied by the member's normal rate of pay multiplied by the quotient of the member's normal rate of pay multiplied by one and one half (1 ½)--(Hours worked in excess of 40 during workweek x (Normal Rate of Pay x 1 ½)); and (3) less any federal taxes, state taxes, local taxes, and any authorized deductions. See Schedule A for complete list of calculations.

 ii. Class Representation Incentive Award: Plaintiffs McAfee, Durgins, Stewart, and Waters shall receive an additional compensation for serving as Settlement Class Representatives. Plaintiffs additional compensation shall be: Plaintiff McAfee - $212.10, Plaintiff Durgins - $1,158.40, Plaintiff Stewart - $5,074.20, Plaintiff Waters - $4,826.45. The amount is equal to individual named-Plaintiff's unpaid wages multiplied by two (2%) percent interest rate for each monthly interval from origination of claim to May 4, 2016, which is the date that the parties reached the principal settlement agreement.

 iii. Class Counsel shall receive compensation for serving as Class Counsel and Claims Administrator in the amount of Twenty-Six Thousand Two Hundred Fifty Dollars ($26,250).

c. Payment of Settlement Proceeds

 i. The Park District shall payout all proceeds, as calculated under Art. II Sect. (b), with annual installments as follows: Thirty-Five Thousand ($35,000) Dollars payable on or before November 1, 2017; Thirty-Five Thousand ($35,000) Dollars payable on or before November 1, 2018; and any remaining balance payable on or before November 1, 2019. Payment shall be postmarked no later than the first (1st) of each month in which it is due. Each payment shall be timely if received by class counsel within thirty (30) days of the due date.

 ii. Disbursement of Proceeds shall be allocated as follows: Half (50%) of annual payment shall be allocated to payment of Class members claims and named Plaintiffs incentive award; and half (50%) of annual payment shall be allocated to Class Counsel until Class Counsel receives full compensation under Art. II, Sect. (b)(iii). Upon complete payment to Class Counsel, all (100%) of annual payment shall be allocated to payment of Class Members claims and named-Plaintiffs incentive award. Any payment allocated to Class Counsel shall first be applied towards satisfaction of any liens and/or encumbrances for attorneys' fees by any firm who shared joint responsibility in the representation of Class Members.

 iii. Payment Acceleration: Defendant Park District agrees to make a good faith effort to accelerate payout of settlement proceeds by seeking an increase in the annual liability tax levy and/or seeking the issuance or reissuance of a municipal bond. Defendant District may payout additional monies, above the annual minimum payment outlined in Art. II, sect. (c)(i), in any payment interval, as funds are available, without penalty.

2

Class Representatives' Initials: ____ ____ ____ ____     Defendants' Initials: ____ ____

Class Action Settlement Agreement

   iv. Enforcement Mechanism: All payments will have a thirty-day (30) grace period in which no enforcement mechanism may be employed including, but not limited to, a collection proceeding and/or accruing of interest. Upon expiration of the grace period, any remaining past due balance will accrue simple interest, per annum, at the state mandated rate for post judgment interest, as outlined in 735 ILCS 5/2-1303 or any superseding statute/amendment, with the first date of accrual being the first day after expiration of the grace period. Plaintiffs agree no collection action shall be brought against the Park District for any non-payment except for any balance due following expiration of thirty-day grace period following the balloon payment due date. If any Plaintiff brings a collection action for any non-payment of the balloon payment or any other payment, as outlined above, the prevailing party shall be entitled to recover his/her or its costs and expenses, including court costs and reasonable and necessary attorney's fees, if any, incurring in relation to the collection proceeding. The hourly rate and number of hours must be reasonable and necessary as determinable by comparisons for like services within St. Clair County, Illinois

 d. Claims Administration
   i. Claims Administrator: Defendant Park District shall serve as the administrator of the Settlement funds.
   ii. Claims Data: To facilitate the distribution of Court-approved notice and settlement award to Settlement Class members, Defendant's Counsel shall provide the following information to Class Counsel no later than ten (10) calendar days following the Court's entry of an order granting preliminary approval of this Class Settlement Agreement: the name and last-known contact information (mailing address and phone number) of each proposed Settlement Class Member.
   iii. Claims Notice: The Park District shall notify potential Settlement Class Members via written notice, sent by first class mail, to be postmarked no more than ten days after the Court's preliminary approval of the settlement.
   iv. Claims Payout: Defendant Park District shall distribute all settlement proceeds as calculated under Art. II, Clause b, in accordance with the terms of this agreement. Defendant Park District shall distribute the proceeds in a timely, efficient manner to prevent unnecessary delays in the receipt of settlement proceeds by Settlement Class Members.
     1. Bankruptcy Approval: Any receipt of settlement funds by a member who filed bankruptcy within the last ten years is subject to approval by the Bankruptcy Trustee.
     2. Class members who are not subject to bankruptcy approval shall receive priority for claims payout over class members, including named-Plaintiffs, who are subject to bankruptcy approval.

III. RELEASE
 a. In consideration for receiving a portion of the Settlement proceeds, Plaintiffs and each and every member of the Settlement Class, individually and as a Settlement Class, for themselves, their attorneys, spouse, executors, representatives, heirs, successors, and assigns, in consideration of the relief set forth in the Class Settlement Agreement, the

3

Class Representatives' Initials: ____ ____ ____ ____            Defendants' Initials: ____ ____

sufficiency of which is acknowledged, will, to the extent permitted by law, fully and finally release the Park District, and all present and former members, officers, managers, and employees, directors, and attorneys from all past or present claims, debts, demands, causes of action, liabilities, losses, obligations, costs, fees, interest, attorneys' fees, expenses, damages, punitive damages, liquidated damages, and injuries of every kind, nature and description that directly or indirectly relate to, or arise out of, or stem from the subject matter of this Action or any matters, transactions, occurrences, omissions referred to in the pleadings or other papers filed or produced in this Action. The released claims include but are not limited to statutory claims under the Fair Labor Standards Act, Illinois Wage Payment and Collection Act, Illinois Minimum Wage Act, and Illinois common law. This release does not include individual claims asserted by Plaintiff McAfee now being litigated under McAfee v. Hubbard, et al., No. 16-CV-00388-NJR-RJD.

b. Furthermore, in consideration for receiving a portion of the Settlement proceeds, Plaintiffs and each and every member of the Settlement Class, individually and as a Settlement Class, for themselves, their attorneys, spouse, executors, representatives, heirs, successors, and assigns, in consideration for the relief set forth in the Class Settlement Agreement, the sufficiency of which is acknowledged, will, to the extent permitted by law, fully and finally release Hubbard, in both individual and official capacities, from all past or present claims, debts, demands, causes of action, liabilities, losses, obligations, costs, fees, interest, attorneys' fees, expenses, damages, punitive damages, liquidated damages, and injuries of every kind, nature and description that directly or indirectly relate to, or arise out of, or stem for the subject matter of this Action or any matters, transactions, occurrences, omissions referred to in the pleadings or other papers filed or produced in this Action. Plaintiffs and each and every member of the Settlement Class release Hubbard from any liability associated with default, breach, or violation of this Agreement including, but not limited to, non-payment of funds by the Park District. The released claims include but are not limited to statutory claims under the Fair Labor Standards Act, Illinois Wage Payment and Collection Act, Illinois Minimum Wage Act, and Illinois common law. This release does not include individual claims asserted by Plaintiff McAfee now being litigated under McAfee v. Hubbard, et al., No. 16-CV-00388-NJR-RJD.

IV. MISCELLENEOUS PROVISIONS
   a. No Admission of Wrongdoing: The Parties hereto acknowledge that the execution of this Class Settlement Agreement and the consummation of the transactions contemplated herein do not constitute any admission of liability by the Defendants under state or federal law, whether or not such claims have been pled in the instant action.
   b. Dismissal: In connection with the issuance of an order granting approval of this Class Settlement Agreement, the Parties shall present the Court with a final order of dismissal with prejudice as to the Defendants and request immediate entry of that order and thereafter file a dismissal of the Action in its entirety with prejudice.
   c. Court Approval: This Agreement is subject to Court approval and certification of the Settlement Class by the Court.
   d. Reasonable Best Efforts: The Parties agree to undertake their reasonable best efforts, including, without limitation, all efforts contemplated herein, to carry out the terms of this Class Settlement Agreement. In addition to the documents and other matters specifically

4

Class Representatives' Initials: _____ _____ _____ _____          Defendants' Initials: _____ _____

Class Action Settlement Agreement

referenced in the Class Settlement Agreement, the Parties agree to execute and/or deliver or cause to be executed and/or delivered, such other documents and/or materials necessary to carry out the terms and conditions of this Class Settlement Agreement, as may be reasonably necessary to effect the obligations contemplated by the Settlement Agreement.

e. Amendments/Modifications: Subject to any power of the Court to order modification, this Class Settlement Agreement may be amended or modified only by a written instrument signed by each of the Parties and their respective counsel of record. Amendment and modifications may be made without notice to the Settlement Class unless notice is required by law or by the Court.

f. Counterparts: This Class Settlement Agreement may be executed in counterparts and by facsimile, email, or other electronic means each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

g. Governing Law: This Class Settlement Agreement shall be governed by, and interpreted according to, the law of the State of Illinois. Any disputes regarding this Agreement, including interpretation and enforcement, shall be resolved only in the Circuit Court for St. Clair County, Illinois.

h. Severability: Should any court of competent jurisdiction declare any part of this Agreement to be illegal, invalid, or unenforceable, the remaining parts shall not be affected and shall remain enforceable, and the illegal, invalid, or unenforceable part shall be deemed not to be part of this Agreement.

i. Entire Agreement: This Agreement sets forth the entire agreement between the Parties regarding the matters addressed herein. The Parties acknowledge they have not relied on any representations, promises, or agreements of any kind made in connection with their decision to enter into this Agreement, except for those set forth in this Agreement.

Class Representatives' Initials: ____ ____ ____ ____                    Defendants' Initials: ____ ____

Class Action Settlement Agreement

## SIGNATURES

_____

RELEASOR – Draphy Durgins

Subscribed and sworn to before me this _____ day of _____, 2016.

(Affix Seal)

_____

Notary Public

My Commission Expire: _____

_____

RELEASOR – Marquitta McAfee

Subscribed and sworn to before me this _____ day of _____, 2016.

(Affix Seal)

_____

Notary Public

My Commission Expire: _____

Class Representatives' Initials: ____ ____ ____ ____                    Defendants' Initials: ____ ____

Class Action Settlement Agreement

_____

RELEASOR – Jeffrey Waters

Subscribed and sworn to before me this _____ day of _____, 2016.

(Affix Seal)

_____

Notary Public

My Commission Expire: _____

_____

RELEASOR – Rory Stewart

Subscribed and sworn to before me this _____ day of _____, 2016.

(Affix Seal)

_____

Notary Public

My Commission Expire: _____

7

Class Representatives' Initials: ____ ____ ____ ____                     Defendants' Initials: ____ ____

Class Action Settlement Agreement

_____

RELEASEE – East Saint Louis Park District

By: _____ (Print Name and Position)

Subscribed and sworn to before me this _____ day of _____, 2015.

(Affix Seal)

_____
Notary Public

My Commission Expire: _____

_____

RELEASEE – Marion Hubbard

By: _____ (Print Name)

Subscribed and sworn to before me this _____ day of _____, 2015.

(Affix Seal)

_____
Notary Public

My Commission Expire: _____

8

Class Representatives' Initials: ____ ____ ____ ____                    Defendants' Initials: ____ ____

| Schedule A | | | |
|---|---|---|---|
| Last | First | Wages Owed | Interest |
| CLARK | DAVID | $1,071.75 | |
| DAVIS | RICARDO | $120.00 | |
| DURGINS | DRAPHY | $1,200.00 | $1,158.40 |
| HAYWOOD | KIM | $722.00 | |
| HUBBARD | MARION | $246.75 | |
| LONG | JESSE | $3,590.00 | |
| MCAFEE | MARQUITTA | $295.00 | $212.10 |
| MEYER | SCOTT | $257.20 | |
| MIDDLEBROOK | STEDMAN | $77.50 | |
| NICHOLS | JAMES | $4,465.00 | |
| PERRY | RICKY | $410.00 | |
| SMITH | MARCUS | $885.00 | |
| STEWART | RORY | $7,020.00 | $5,074.20 |
| WATERS | JEFFREY | $6,712.50 | $4,826.45 |
| WILLIS | RAY | $1,026.00 | |
| WISE | LAWRENCE | $8,821.00 | |
| Total: | | $36,919.70 | $11,271.15 |