IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MARQUITTA MCAFEE, DRAPHY DURGINS, JEFFREY WATERS, and RORY STEWART, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>vs.<br><br>MARION HUBBARD and EAST ST. LOUIS PARK DISTRICT,<br><br>        Defendants. | Case No. 14-CV-1010-NJR-RJD |

# FINAL APPROVAL ORDER AND JUDGMENT

**ROSENSTENGEL, District Judge:**

Pending before the Court is Plaintiffs' Amended Motion for Approval of Attorneys' Fees (Doc. 71)[1] and the parties' oral request for final approval of the collective action settlement, which was made at the Final Fairness Hearing held on February 21, 2017. The Court has read and considered all submissions made in connection with the Settlement Agreement, including statements made in open court at the Final Fairness Hearing. For the reasons set forth below, this Court grants final approval of the parties' jointly proposed settlement agreement.

## BACKGROUND

Plaintiffs filed this lawsuit against Marion Hubbard and the East St. Louis Park District alleging they and others similarly situated were employed by Defendants as police officers and performed work without receiving proper overtime pay and/or straight time pay and were at times paid less than both the federal and state minimum wage pursuant to the Fair Labor

---

[1] In light of the Amended Motion for Approval of Attorneys' Fees (Doc. 71) filed on March 9, 2017, the Motion for Approval of Attorneys' Fees (Doc. 68) filed on February 17, 2017 is moot.

Standards Act ("FLSA"), the Illinois Wage Collection and Payment Act ("IWCPA"), the Illinois Minimum Wage Law ("IMWL"), and Illinois common law.

Thereafter, with the assistance of Magistrate Judge Philip M. Frazier, Plaintiffs and Defendants were able to reach a settlement, which they contend is a reasonable compromise that is fair and in the best interest of the parties.

On September 23, 2016, Plaintiffs and Defendants filed a joint motion requesting this Court to grant: (1) certification of a collective class for settlement purposes; (2) preliminary approval of collective action settlement; and (3) approval of Notice to class members (Doc. 58).

The Court heard the matter on November 3, 2016, and granted preliminary approval of the proposed Settlement Agreement. This Court also conditionally certified the proposed FLSA Settlement Class as follows:

> All individuals that served as Police Officers for the East St. Louis Park District between the dates of September 17, 2009 and September 17, 2014 who performed work without receiving proper overtime pay and/or straight time pay and were at times paid less than both the federal and state minimum wage as required under the Fair Labor Standards Act ("FLSA"), the Illinois Wage Collection and Payment Act ("IWCPA"), the Illinois Minimum Wage Law ("IMWL"), and Illinois Common Law.

(Doc. 65).

Following preliminary approval, Notice was mailed to the FLSA Settlement Class. Pursuant to the Notice, potential class members had until January 17, 2017, to file any objections to the proposed Settlement with this Court. Potential class members also had until February 17, 2017, to opt-in to the FLSA Settlement Class (Doc. 65-2).

No objections were filed to the proposed Settlement. As of the February 17 deadline, a total of seven FLSA Settlement Class Members joined the four named Plaintiffs in this litigation for the purpose of participating in the settlement (Doc. 67).

On February 21, 2017, this Court held a Final Fairness Hearing in which both parties presented arguments on the similarly-situated status of the Opt-In Plaintiffs, the particulars of the proposed Settlement Agreement, and the fairness standards required for FLSA class settlements.

On April 19, 2017, this Court approved the additional Opt-In Plaintiff Kim Haywood as part of the FLSA Settlement Class (Doc. 73). The final FLSA Settlement Class is therefore made up of twelve members: Marquitta McAfee, Draphy Durgins, Rory Stewart, Jeff Waters, David Clark, Ricardo Davis, Kim Haywood, Marion Hubbard, Jessie Long, James Nichols, Marcus Smith, and Lawrence Wise.

The Settlement Agreement, which has been signed and executed by Defendants and each of the named Plaintiffs, sets forth the amount of money each of the Opt-In Plaintiffs is to receive, the amount of incentive awards to go to each of the named Plaintiffs, the amount of money to be paid for attorneys' fees and costs, to be paid in addition to back wages, the release of claims against Defendants by the Opt-In Plaintiffs, and the schedule for distribution of settlement payments (Doc. 65-1)

The amount requested for attorneys' fees is supported by an Amended Motion for Approval of Attorney Fees filed by Plaintiffs' counsel, which summarizes the tasks performed by counsel and sets out the total hours expended by counsel performing those tasks and the hourly rates charged (Doc. 71). As set forth in the motion, class counsel agreed to a reduction in the amount of their fees in connection with the settlement (*Id.*).

## DISCUSSION

### A. Final Class Certification

On November 3, 2016, this Court granted conditional certification of the FLSA Settlement Class proposed by the parties in their Joint Motion for Certification of a Collective Class for Settlement Purposes (Docs. 60 and 65). The Court, however, "must make some final class

certification before approving a collective action settlement." *See Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 993-994 (N.D. Ind. 2010) (quoting *Carter v. Anderson Merchandisers, LP,* Nos. EDCV 08-0025-VAP (OPx), EDCV 09-216-VAP (OPx), 2010 WL 1946784, at *4 (C.D. Cal. May 11, 2010)).

"To maintain an opt-in class under the FLSA, Plaintiffs must demonstrate that they are 'similarly situated.'" *Id.* "To reach this determination, a court 'may weigh several factors, including: (1) the disparate factual and employment settings of the individual plaintiffs, (2) the various defenses available to the defendant which appear to be individual to each plaintiff, and (3) fairness and procedural considerations.'" *Id.*

Here, based on the representations made by Plaintiffs' counsel Sarah Jane Hunt and defense counsel Kevin Kaufhold, the Court concludes that the FLSA class members' claims arise from similar factual and employment settings. According to Attorney Hunt, all Plaintiffs are current or former police officers with the East St. Louis Park District Police Department who were entitled to but did not receive minimum wage and overtime pay. Plaintiffs allege that Defendants' policy requiring police officers to volunteer certain shifts in an effort to save costs violated the FLSA and Illinois wage laws. Attorney Hunt advised the Court at the Final Fairness Hearing that this policy was applicable to all East St. Louis Park District police officers and thus to all Plaintiffs. Further, the defenses alleged in Defendants' Answer to Counts I-V of Plaintiffs' Amended Complaint are applicable to all of the FLSA class members (*see* Doc. 41). Finally, "fairness and procedural considerations, including the number of plaintiffs in this case and the effectiveness in allowing them to pool their resources for litigation," support collective treatment. *Burkholder*, 750 F. Supp. 2d at 994. Therefore, final certification of the FLSA class is appropriate.

### B. Approval of Settlement Agreement

Stipulated settlements in a FLSA case must be approved by the Court. *Id*. "To determine

the fairness of a settlement under the FLSA, 'the court must consider whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* at 995 (quoting *Tuan Le v. Sita Info. Networking Computing USA, Inc.*, No. 07-CV-86 (JS)(MLO), 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). "The court must review settlements because there is 'a fear that employers would coerce employees into settlement and waiver' of their claims." *Id.*

"Normally, a settlement is approved where it is the result of 'contentious arm's-length negotiations, which were undertaken in good faith by counsel . . . and serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation.'" *Id.* (quoting *Reyes v. Buddha-Bar NYC*, No. 08 CV 2494 (DF), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)). "Furthermore, 'courts may enter judgments on a basis that does not require full payment of liquidated damages after scrutinizing the proposed settlements for fairness.'" *Id.* (quoting *Elliott v. Allstate Investigations, Inc.*, No. 07 CV 6078, 2008 WL 728648, at *1 (S.D.N.Y. Mar. 19, 2008)).

"When reviewing a FLSA class action settlement, a court normally considers the following factors: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceeding and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a larger judgment; (8) the range of reasonableness of the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund in light of all the risks of litigation." *Id.* (quoting *Misiewicz v. D'Onofrio Gen. Contractors*, No. 08 CV 4377, 2010 WL 2545439, at *3 (E.D.N.Y. May 17, 2010).

At the Final Approval Hearing, counsel for both sides represented that, over a

several-month period, counsel met numerous times to negotiate the Settlement Agreement and participated in a full-day settlement conference with Magistrate Judge Frazier. Thus, it is clear the Settlement was result of contentious arm's-length negotiations.

Further, the Settlement was not reached until after the exchange of initial discovery, which consisted of the time and payroll records for every potential class member dating back to September 2009. The exchange of this information was thus sufficient to gain a clear understanding of the nature of the case and the claims advanced by Plaintiffs.

While each party is optimistic regarding their legal positions, the parties mutually agree that Defendants' financial condition acts as a barrier to collecting on any judgment awarded by a jury. Defense counsel Kevin Kaufhold advised the Court that Defendants are not able to withstand a judgment larger than the amount proposed in the Settlement Agreement. Counsel for both sides also represented that, if the case does not settle, both parties will be forced to engage in further, costly, discovery, such as deposing each of the named Plaintiffs and representatives of Defendants and hiring experts to assess and rebut the damages proposed by Plaintiffs. The parties also would be required to expend extensive resources in order to complete pre-trial disclosure and to generally prepare for trial.

It should further be noted that no objections were filed to the Settlement Agreement, and twelve of the fifteen total possible members of the FLSA Settlement Class have opted in to this litigation. Therefore, given the parties' representation that they wish to accept the settlement amount after months of negotiations, the amount of settlement weighed against Defendants' inability to withstand a larger judgment, and the complexity, expense, and likely duration of the litigation, this Court concludes that the settlement amount is fair, reasonable, and adequate and is therefore approved.

### C. Approval of Incentive Awards

The Settlement provides incentive awards to the named Plaintiffs, which are included in

the total settlement amount and outlined in the Settlement Agreement (Doc. 65-1, p. 2). Specifically, the Settlement Agreement provides for an award of $212.10 to Plaintiff McAfee, $1,235.20 to Plaintiff Durgins, $5,258.60 to Plaintiff Stewart, and $5,126.03 to Plaintiff Waters. The amount is equal to the individual named-plaintiff's unpaid wages multiplied by a two percent (2%) interest rate for each monthly interval from origination of the claim to May 4, 2016, when the parties reached a settlement. According to Attorney Hunt, each named Plaintiff participated in pre-trial discovery, in the analysis of Defendants' discovery responses, in the mediation session with Magistrate Judge Frazier, and in the subsequent negotiations. Accordingly, the Court approves the proposed incentive awards. *See Espenscheid v. DirectSat USA, LLC,* 688 F.3d 872, 877 (7th Cir. 2012) (indicating that incentive awards are permitted in collective actions just as they are in class actions); *see also Briggs v. PNC Financial Services Group, Inc.,* Case No. 1:15-cv-10447, 2016 WL 7018566, at *3 (N.D. Ill. Nov. 29, 2016) (approving incentive awards of $12,500 to each of the three named plaintiffs in FLSA collective action case).

### D. Approval of Attorneys' Fees and Costs

As part of the Settlement, Plaintiffs' counsel seek the approval of $27,935.20 in attorneys' fees and costs, which makes up approximately 36% of the total settlement amount. The attorneys representing Plaintiffs in this case are experienced wage and hour class and collective action litigators and have obtained a positive outcome on behalf of the collective class. Plaintiffs' counsel submitted affidavits (Docs. 71-2 and 71-3) showing that they actually incurred more than $43,910.00 in fees and expenses in this case through February 17, 2017. Additionally, counsel submitted a detailed spreadsheet showing the number of hours worked and a description of the various tasks rendered in connection with the matter (Doc. 71-1). In total, the attorneys worked 139.5 hours on this case. Counsel also indicated in their affidavits that the requested fee award is consistent with awards approved in similar cases. The parties also have agreed that the attorneys' fees represent fair and adequate compensation for the work performed.

Taking into account the stage of the litigation, which included discovery, research, and negotiations, the Court considers the discounted amount of $27,935.20 in Plaintiffs' attorneys' fees and costs to be reasonable. *See Gaskill v. Gordon*, 160 F.3d 361, 362-63 (7th Cir. 1998) (affirming award of 38% of settlement fund); *see also De La Riva v. Houlihan Smith & Co., Inc.*, No. 10 C 8206, 2013 WL 5348323 (N.D. Ill. Sept. 24, 2013) (in a FLSA case in which the parties entered into, and the court approved, a consent decree, plaintiffs' counsel petitioned the court for attorneys' fees and costs and the court awarded a reduced hourly rate of $450 for the lead attorneys and a reduced hourly rate of $300 for the junior attorney). The Court further finds it reasonable in light of the risk of nonpayment that counsel faced, since they took the case on a contingent basis. Accordingly, the Court approves the request for attorneys' fees.

## CONCLUSION

Accordingly, the Court **GRANTS** the parties' oral request for Final Approval of the Settlement, and **GRANTS** Plaintiffs' Amended Motion for Approval of Attorneys' Fees (Doc. 71). This action is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

**DATED:** April 25, 2017

*[signature: Nancy J. Rosenstengel]*

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**